IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

HUNTER DOUGLAS, INC. and
ANDREW J. TOTI TESTAMENTARY TRUST,

      Plaintiffs,

v.

CHING FENG HOME FASHIONS CO., LTD.

      Defendant.

---

## COMPLAINT FOR PATENT INFRINGEMENT

---

Plaintiffs Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust (collectively, the "Plaintiffs"), by and through their attorneys Kilpatrick, Townsend & Stockton LLP, file this Complaint for Patent Infringement against Defendant Ching Feng Home Fashions Co., Ltd., stating as follows:

### THE PARTIES

1.   Hunter Douglas, Inc. ("Hunter Douglas") is a corporation organized and existing under the laws of the State of Delaware, and has its principal place of business at 1 Blue Hill Plaza, 20th Floor, Pearl River, New York 10965.

2.   The Andrew J. Toti Testamentary Trust is a testamentary trust described and set forth in an order dated September 9, 2009, by the Superior Court of California, County of Stanislaus, Case No. 368364.

3.   Upon information and belief, Defendant Ching Feng Home Fashions Co., Ltd. ("Ching Feng") is a corporation organized and existing under the laws of Taiwan, and has its principal place of business at 373 Yen-Hai Road Section 4, Funan Tsun, Fuhsing Hsiang, Changhwa Hsien, Taiwan.

## JURISDICTION AND VENUE

4.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 271 and 281.

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.   Upon information and belief, Defendant Ching Feng has solicited business in the State of Colorado, transacted business within the State of Colorado, and attempted to derive financial benefits from residents of the State of Colorado, including benefits directly related to the instant patent infringement cause of action set forth herein.

7.   Upon information and belief, Defendant Ching Feng sells infringing products throughout the United States through numerous retailers, including in this judicial district.

8.   Upon information and belief, Defendant Ching Feng distributes infringing products using warehousing facilities located in the United States.  *See* **Exhibit D.**

9.   Upon information and belief, Defendant Ching Feng's certain of product development and design teams are located in the United States.  *See* **Exhibit E.**

10. Upon information and belief, Defendant Ching Feng has placed infringing products into the stream of commerce throughout the United States with the expectation that such products will be and have been used by consumers in this judicial district, including but not limited to, through operation of an interactive website that is available to persons in this judicial district, which advertises, markets, and otherwise promotes the sale of infringing products.

11. Upon information and belief, this Court has personal jurisdiction over Defendant Ching Feng by virtue of, among other things, direct sales by Ching Feng of the infringing products in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400 (b).

## FACTUAL BACKGROUND

13. Hunter Douglas manufactures a full array of custom window covering products, including roman shades, honeycomb or "cellular" shades, pleated shades, vertical blinds, miniblinds, wood blinds, shutters, and window shadings, and is known as an innovator in the custom window coverings industry.

14. U.S. Patent No. 9,359,814, entitled "Systems for Maintaining Window Covers" (the "'814 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on June 7, 2016.  A true and correct copy of the '814 Patent is attached hereto as **Exhibit A**.

15. The Andrew J. Toti Testamentary Trust is the lawful owner of all rights, title, and interest in and to the '814 Patent.  Hunter Douglas is the exclusive licensee of the '814 Patent in the field of window covering products.

16. Upon information and belief, Ching Feng makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds  that infringe one or more claims of the '814 Patent, including but not limited to Ikea Hoppvalls Cellular Blind, Blind Saver Basics Light Filtering Cordless Cellular Shade, Blinds Max d/b/a Gable Point LLC Phase II 3/8" Light Filtering Cordless Cellular Shade (the "Accused Products").  All of the Accused Products are window cover systems as claimed in the '814 Patent.

17. U.S. Patent No. 9,328,554, entitled "Spring Drive Systems for Window Covers" (the "'554 Patent"), was duly and legally issued by the U.S. Patent and Trademark Office on May 3, 2016.  A true and correct copy of the '554 Patent is attached hereto as **Exhibit B**.

18. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and interest in and to the '554 Patent.  Hunter Douglas is the exclusive licensee of the '554 Patent in the field of window covering products.

19. Upon information and belief, Ching Feng makes, uses, has made, offers for sale, sells, and/or imports into the United States window coverings and cordless window blinds (the "Accused Products") that infringe one or more claims of the '554 Patent, including but not limited to Ikea Hoppvalls Cellular Blind, Blind Saver Basics Light Filtering Cordless Cellular Shade, Blinds Max d/b/a Gable Point LLC Phase II 3/8" Light

Filtering Cordless Cellular Shade (the "Accused Products").  All of the Accused

Products are window cover systems as claimed in the '554 Patent.

20. U.S. Patent No. 9,316,051, entitled "Window Cover System with Spring Drive

Arrangement" (the "'051 Patent"), was duly and legally issued by the U.S. Patent and

Trademark Office on April 19, 2016.  A true and correct copy of the '051 Patent is

attached hereto as **Exhibit C.**

21. The Andrew J. Toti Testamentary Trust is the lawful owner of all right, title, and

interest in and to the '051 Patent.  Hunter Douglas is the exclusive licensee of the '051

Patent in the field of window covering products.

22. Upon information and belief, Ching Feng makes, uses, has made, offers for sale,

sells, and/or imports into the United States window coverings and cordless window

blinds that infringe one or more claims of the '051 Patent, including but not limited to

Ikea Hoppvalls Cellular Blind, Blind Saver Basics Light Filtering Cordless Cellular

Shade, Blinds Max d/b/a Gable Point LLC Phase II 3/8" Light Filtering Cordless Cellular

Shade (the "Accused Products").  All of the Accused Products are window cover

systems as claimed in the '051 Patent.

## COUNT I

## (Infringement of U.S. Patent No. 9,359,814)

23. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

24. Ching Feng, alone and in conjunction with others, has infringed, and continues to

infringe, claims 1-2, 4-20, 23-24 of the '814 Patent in violation of 35 U.S.C. § 271 by

making, using, selling, offering to sell, and/or importing into the United States the

Accused Product(s), including, but not limited to Ikea Hoppvalls Cellular Blind, Blind Saver Basics Light Filtering Cordless Cellular Shade, Blinds Max d/b/a Gable Point LLC Phase II 3/8" Light Filtering Cordless Cellular Shade, and other similar shades.

25. Unless enjoined by the Court, Ching Feng will continue to infringe the '814 Patent.

26. Ching Feng, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-2, 6-20, 23-24 of the '814 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to JC Penney Cut-to-Width 1½" Two Tone Cordless Blackout Cellular Shade, and other similar shades.

27. As a direct and proximate result of Ching Feng's conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

28. Unless this Court enjoins Ching Feng's infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '814 Patent.

## COUNT II

### (Infringement of U.S. Patent No. 9,328,554)

29. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

30. Ching Feng, alone and in conjunction with others, has infringed, and continues to infringe, claims 1, 4-8, 17-21, 24 of the '554 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the

Accused Product(s), including, but not limited to JC Penney Cut-to-Width 1½" Two Tone Cordless Blackout Cellular Shade, and other similar shades.

31. Unless enjoined by the Court, Ching Feng will continue to infringe the '554 Patent.

32. As a direct and proximate result of Ching Feng's conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

33. Unless this Court enjoins Ching Feng's infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '554 Patent.

## COUNT III

### (Infringement of U.S. Patent No. 9,316,051)

34. Plaintiffs repeat and allege the preceding paragraphs as if fully set forth herein.

35. Ching Feng, alone and in conjunction with others, has infringed, and continues to infringe, claims 1-3 of the '051 Patent in violation of 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or importing into the United States the Accused Product(s), including, but not limited to JC Penney Cut-to-Width 1½" Two Tone Cordless Blackout Cellular Shade, and other similar shades.

36. Unless enjoined by the Court, Ching Feng will continue to infringe the '051 Patent.

37. As a direct and proximate result of Ching Feng's conduct, Plaintiffs have suffered, and will continue to suffer, irreparable harm for which they have no adequate remedy at law.

38. Unless this Court enjoins Ching Feng's infringing conduct, Plaintiffs will continue to be irreparably harmed by Defendants' infringement of the '051 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.  For an injunction permanently restraining and enjoining Ching Feng (and its officers, directors, employees, agents, servants, successors, assigns, and any and all persons in privy or in concert with them, directly or indirectly) from infringing any of the claims of the '814 Patent, the '554 Patent, and/or the '051 Patent in any manner;

B.  For judgment that one or more claims of the '814 Patent, the '554 Patent, and/or the '051 Patent has been infringed by Ching Feng;

C.  For damages adequate to compensate Plaintiffs for Ching Feng's infringement, and in no event less than a reasonable royalty, together with interest thereon;

D.  For an assessment and award of interest, costs, and attorneys' fees against Ching Feng; and

E.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  July 29, 2016

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: *s/ Frederick L. Whitmer*
      Frederick L. Whitmer
      Matthew L. Holohan
      Miranda C. Rogers
      Kilpatrick, Townsend & Stockton LLP
      1400 Wewatta Street, Suite 600
      Denver, Colorado 80202
      Tel. (303) 571-4000
      Fax. (303) 571-4321
      fwhitmer@kilpatricktownsend.com
      mholohan@kilpatricktownsend.com
      mrogers@kilpatricktownsend.com

*Attorneys for Plaintiffs Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust*